IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-1432 |
| | ) | |
| CHAD EILMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>REVISED PROTECTIVE ORDER</u>

The Parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of confidential information as defined below.

The Court finds good cause for entry of this Protective Order pursuant to Federal Rules of Civil Procedure 5.2(e) and 26(c) and Civil Local Rule 26(e) of the United States District Court for the Eastern District of Wisconsin. Nothing in this Order supersedes other applicable regulatory and statutory obligations requiring disclosure of information.

The Court hereby enters the following Protective Order:

1.      **Scope.** All documents and materials produced during the investigation of this matter and in the course of discovery in this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in federal courts, this Order will be construed in favor of public disclosure and open proceedings wherever possible.

2.    **Disclosure of Information.** During the course of discovery in this litigation, documents or other information may be produced that contain information that may intrude upon the privacy and confidentiality interests of alleged victims, witnesses, and other individuals. Through this Protective Order, the Court specifically permits the United States under the Privacy Act, 5 U.S.C. § 552a(b)(11), to produce documents or other information that contain information subject to protection such as "information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph …." 5 U.S.C. § 552a(a)(4). Documents or other information may also be produced that contain information covered by Federal Rule of Civil Procedure 5.2.

3.    **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that a party or non-party designates should be protected from disclosure and use outside the litigation because the disclosure and use of such information is restricted by statute or could potentially cause harm to the interests of the parties or non-parties. "Confidential Information" could include, but may not be limited to, the following categories of information or documents: social security numbers, taxpayer identification numbers, and birth dates; financial information such as financial account numbers, income tax returns, and other personal or business financial records; personnel records; criminal records and histories, if any; information related to any medical or psychological condition or treatment or effort to seek treatment, including names or types of healthcare providers and dates of visits to providers; and current or past email addresses, home addresses, and telephone numbers and any other personally identifiable information regarding any person identified as a party, witness, or

potential witness. Information or documents that are available to the public may not be designated as Confidential Information except as otherwise required by law.

4.     **Confidentiality of Contact Information of Angela McLean.** The Parties shall mark as confidential any document that contains information related to current or past home addresses and telephone numbers of complainant Angela McLean ("contact information of complainant"). Subject to General Local Rule 79(d) of the United States District Court for the Eastern District of Wisconsin, the Parties shall not file on the public record any portions of documents that contain contact information of complainant but shall instead redact such information or seek leave of the Court to file under seal contact information of complainant. A party may only file portions of documents that contain contact information of complainant on the public record by consent of complainant Angela McLean or through leave of the Court.

This Order does not prevent any Party from seeking discovery of any non-privileged material within the proper scope of Federal Rule of Civil Procedure 26.

5.     **Form and Timing of Designation.** Any party or non-party producing documents may designate as "confidential" any document which that party or non-party considers in good faith to contain Confidential Information by marking or placing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the relevant page in a manner that will not interfere with the legibility of the document. For data in the form of a medium that makes the marking impracticable, the producing party shall mark the diskette case, USB drive and/or accompanying cover letter. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status

Case 2:21-cv-01432-WED   Filed 11/22/22   Page 3 of 13   Document 27

or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and does not otherwise disclose the substance of the Confidential Information are not required to be marked.

Additionally, a party or non-party may designate in writing, within thirty (30) days after receipt of discovery responses, that specific responses or portions of responses be treated as Confidential Information. By marking a designated document as confidential, the designating party thereby certifies that the document contains Confidential Information as defined in this Order.

6.      **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality under this Order, so long as a claim of confidentiality is asserted within a reasonable time after discovery of the inadvertent failure.

7.      **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within thirty (30) days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript to be designated as confidential or any exhibits to be protected.

8.      **Protection of Confidential Material.**

(a)      **General Protections.** Designated Confidential Information shall not be used or disclosed other than when necessary to prosecute or defend this action, including any appeals.

4

**(b)** **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to and shared among the following persons:

    i.    Defendants and their employees; except information related to any medical or psychological condition or treatment, including names or types of healthcare providers and dates of visits to providers as limited by subparagraph (c); to whom disclosure is reasonably necessary for litigation or settlement of this case, unless the parties agree that a particular document or material produced is for Attorneys' Eyes Only and is so designated;

    ii.    counsel to the parties and their staff to the extent reasonably necessary to render professional services;

    iii.    the Court, officers of the Court, and court personnel, including administrative staff, and members of the jury;

    iv.    any special master or mediator appointed by the Court or jointly selected by the parties;

    v.    persons retained by the parties or their counsel to assist in their investigations or discovery, to prepare for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably calculated to aid in litigating this action;

    vi.    witnesses and potential witnesses (and their counsel) who may testify at any deposition or hearing, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this action;

5

vii.    court reporters and videographers (and their staff) retained to take depositions, under the terms and limitations specified in this Order; and

viii.    independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and if applicable, employees of any defendants' insurance company only to the extent necessary for representation of the defendants in this action.

**(c)** **Disclosure of Medical/Psychological Information.** The parties acknowledge that it is possible that information related to parties and non-parties, including certain individuals' medical or psychological condition or treatment, including names or types of healthcare providers, dates of visits to providers, and treatment records, may be exchanged or otherwise obtained during discovery in this case. The parties further acknowledge the need to protect such sensitive and private information from inadvertent or unnecessary disclosure, and agree that all such records will be presumed Confidential and subject to the protections in this Order, regardless of whether they are produced by a party and designated as such or otherwise obtained. Defendant or individuals approved by parties in writing and/or on the record may attend portions of depositions where medical/psychological information is discussed only after he or she makes a statement on the record that he or she will abide by this Order and not disclose the medical/psychological information to any person other than those designated in subparagraph (b) and only to the extent necessary to defend the claims against them. The Defendants are bound by the terms of this agreement pursuant to paragraph 8(d) below, with respect to any medical/psychological information it obtains through any means during the course of this litigation, such as review of pleadings or motions filed in this case or communications between

6

the parties in this case. Nothing in this section shall limit or otherwise affect any of the parties' ability to use this information during depositions or in the litigation of this matter, subject to the limitations of the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

      **(d)**    **Control of Documents.** The parties must make reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information under the terms of this Order. Prior to disclosing or displaying the Confidential Information to any persons described in paragraph 8(b)(i) or (iv)-(viii), counsel shall inform the person of the confidential nature of the information and inform the person that this Court has enjoined the use of the information or documents by him or her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person. Any persons described in paragraph 8(b)(i) or (iv)-(viii), to whom Confidential Information is disclosed must complete the certification contained in Attachment A, Acknowledgment and Agreement to be Bound, the originals of which shall be retained by counsel for the disclosing party until such time as this litigation, including any appeals, is concluded. If the parties wish to disclose Confidential Information to any persons other than those indicated in paragraph 8(b), above, the disclosing party shall obtain written consent from the designating party in advance of such disclosure. If consent to the proposed disclosure is not given, then the party seeking to disclose may, on motion after conferring with the designating party, seek modification of this Order from the Court.

      A receiving party who, by inadvertence or otherwise, discloses Confidential Information received in this case to any person or in any circumstance not authorized under this Order must immediately, upon learning of the disclosure: (a) notify in writing the party who designated the document as confidential of the unauthorized disclosures; (b) use its best efforts to retrieve all

7

unauthorized copies of the protected material; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order. Neither the United States Department of Justice, nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for unauthorized disclosure of any documents or of any information contained in such documents obtained by another party under this Order.

9. **Use of Confidential Information.** To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be redacted or filed under seal by the filing party with the Clerk of Court utilizing the procedures set forth in General Local Rule 79(d) of the United States District Court for the Eastern District of Wisconsin. If a Court filing contains information, documents, or other materials that were designated as Confidential Information by a third party, the party making the filing shall provide notice of the filing to the third party

Where confidential information is mentioned in or attached to a pleading or brief, the confidential information should ordinarily be redacted from the filed pleading or brief and an unredacted copy of it filed under seal in compliance with this Order and with General Local Rule 79(d) of the United States District Court for the Eastern District of Wisconsin. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion.

10. **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in

8

person or over the phone in good faith with the designating party to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion under seal that identifies the challenged material and sets forth in detail the basis for the challenge. The movant must accompany such a motion with the statement required by Civil Local Rule 37 of the United States District Court for the Eastern District of Wisconsin. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

11.    **Discovery.** The parties agree that nothing in this Order shall be deemed to affect the scope of discovery permitted by the Federal Rules of Civil Procedure. The disclosure and designation of any documents as confidential under this Order by any party shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by any party of any legally-recognized privilege or protection applicable to those documents.

12.    **Use of Confidential Information at Trial or Hearing.** The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at any trial or hearing.

13.    **Obligations on Conclusion of Litigation.**

(a)    **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)    **Destruction of Confidential Information.** Within sixty (60) days after this litigation concludes by settlement, including the expiration of the term of the settlement agreement or consent decree, final judgment, or final order, including all appeals, each party shall, upon request of the opposing party, certify that it has destroyed all documents designated

9

as containing Confidential Information, including copies as defined above, in a manner that eliminates the possibility of retrieval of such documents, except for documents that have been offered into evidence or filed without restriction as to disclosure. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, and all exhibits to those documents, even if such materials contain Confidential Information. This Order does not displace or override applicable legal or statutory obligations regarding record retention and maintenance. Nor does this provision require a party to manually delete any data from disaster recovery or backup systems even if that data may contain copies or fragments of the Confidential Information until it is overwritten or destroyed in the ordinary course of records management.

(c) **Retention of Work Product.** Notwithstanding the above requirements to destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

14. **Order Subject to Modification.** This Order is subject to modification by the Court *sua sponte* or on motion of any party or any other person with standing concerning the subject matter. If the Order modification is made by motion, then the non-moving party shall receive notice and an opportunity to be heard on the proposed modification.

**15.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Federal Rule of Civil Procedure 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

**16.** **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law offices, the parties, and parties later joined as described in paragraph 17 of this Order.

**17.** **Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**18.** **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

**19.** **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Order to Confidential Information produced in this case by third-parties, if timely requested by the third-party. Third-parties will be notified of this Order when any party to this lawsuit requests documents from them.

**20.** **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as

11

Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification shall be made to the attorney of record in this case, or to the actual party in the case of a pro se litigant, and must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information so designated by another party to this case.

**IT IS SO ORDERED.**

Dated at Milwaukee, Wisconsin this 22nd day of November, 2022.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

**ATTACHMENT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I hereby certify that Confidential Information is being provided to me pursuant to the

terms and restrictions in the Protective Order ("Order") dated _____ in the case captioned

*United States of America v. Eilman et al.*, Case No. 2:21-cv-1432 (E.D. Wis.). I have been given

a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the

Confidential Information to anyone, except as allowed by the Order. I will maintain all such

Confidential Information – including copies, notes, or other transcriptions made therefrom – in a

secure manner to prevent unauthorized access to it. No later than thirty (30) days after the

conclusion of this action, I will return any Confidential Information in my possession – including

copies, notes, or other transcriptions therefrom – to the counsel who provided me with the

Confidential Information. I hereby consent to the jurisdiction of the United States District Court

for the Eastern District of Wisconsin for the purpose of enforcing the Order.

I acknowledge that violation of the Order may result in penalties for contempt of court.


Name: _____

Date: _____    Signature: _____